```
                  UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHALMERS A. SIMPSON, JR.,        : CIVIL NO: 1:12-CV-01358
                                 :
          Plaintiff              :
                                 : (Judge Caldwell)
     v.                          :
                                 : (Magistrate Judge Carlson)
BOARD OF PROBATION AND PAROLE,   :
et al.,                          :
                                 :
          Defendants             :
```

**REPORT AND RECOMMENDATION**[1]

**I. Introduction**

This is one of two companion cases brought by the plaintiff, a state prisoner, challenging a determination by the Pennsylvania Board of Probation and Parole which revoked the plaintiff's release and set a new release date for Simpson. As part of this legal attack on the parole board's actions, the plaintiff first filed a separate federal habeas corpus petition. *See Simpson v. Pa. Bd. of Prob. & Parole,* 1:12-CV-01519 (M.D. Pa.). A review of this habeas corpus petition revealed that Simpson had not yet exhausted his state remedies challenging this parole action before proceeding into federal

---

1. This matter was previously assigned to United States Magistrate Judge J. Andrew Smyser, but upon Judge Smyser's retirement has been reassigned to the undersigned for further proceedings.

court, something he is required by law to do. *See* 28 U.S.C. §2254. Accordingly, by a Report and Recommendation dated August 10, 2012, it was recommended that the habeas petition be dismissed because the plaintiff has not exhausted state remedies.

In the instant lawsuit, Simpson repeats this claim that he has yet to fully litigate in state court, alleging, once again, that he has been imprisoned beyond the maximum term of his parole violation sentence. We have reviewed the amended complaint in accordance with 28 U.S.C. § 1915(e)(2). Because the plaintiff cannot yet seek release from imprisonment in a civil rights action since his claims for damages are barred by the favorable-termination rule, the amended complaint presently fails to state a claim upon which relief may be granted. Therefore, it is recommended that the complaint be dismissed.

II. **Background and Procedural History**.

The plaintiff is proceeding *pro se* and *in forma pauperis*. He commenced this 42 U.S.C. § 1983 case by filing a complaint, which he later amended. In this complaint the plaintiff names the following individuals and entities as

defendants: the Pennsylvania Board of Probation and Parole (Board); State Parole District Offices; Mary Rosetta, identified as the Director of Case Management for the Board; Kimberly Barkley, Board Secretary; Supervisor Peter Hans; Parole Agent Amy Burrell; Parole Agent M. Charles; and Parole Supervisor Lay. The plaintiff alleges the following facts in his amended complaint.

In December of 2011, Coatesville police arrested the plaintiff. The next day, defendant Hans lodged a parole detainer against the plaintiff. In January of 2012, the Board rendered a decision to detain the plaintiff for six months for leaving the district without permission and to detain him pending the disposition of the criminal charges against him. In May of 2012, the district attorney withdrew the criminal charges. The plaintiff then apparently believed that he would be released on June 21, 2012, which was six months from the date the parole detainer had been lodged. He wrote to the defendants indicating that he should have been released on June 21, 2012. Instead of being released, Simpson was transferred to a state correctional institution. In July of 2012, the Board issued another decision providing that the plaintiff is recommitted to a state correctional institution to serve six

months backtime.  The Board did not give the plaintiff any credit for the time he was in custody from December of 2011 to July of 2012.  The plaintiff again contacted the defendants asserting that he should be released, but has not further litigated this issue in state court, exhausting his state remedies with respect to this claim. Therefore, the parole board's determination of Simpson's release date still stands.

In his complaint, the plaintiff is seeking compensatory and punitive damages as well as an order that he be immediately released.

**III.  <u>Pleading Standards</u>**.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels,

conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 556 U.S. at 678 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[A] complaint need not pin plaintiff's claim for relief to a precise legal

5

theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

**IV. Discussion.**

We review the amended complaint in accordance with 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

6

>    (1) is frivolous, malicious, or fails to
> state a claim upon which relief may be
> granted; or
>    (2) seeks monetary relief from a
> defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 case. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

At the outset, the plaintiff cannot seek release from imprisonment in a 42 U.S.C. § 1983 case such as this case. Instead, release from imprisonment can only be sought by way of a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(holding that when a prisoner "is challenging

the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Furthermore, the plaintiff's claims for damages are barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87(footnote omitted).  The Supreme Court has explained that a "§ 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the

confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

*Heck's* favorable-termination rule has been applied to sentence calculation claims. *See Royal v. Durison*, 254 F.App'x 163 (3d Cir. 2007). In *Royal,* the United States Court of Appeals for the Third Circuit held that a plaintiff's claims that his Eighth Amendment rights were violated when he was incarcerated for more than six months in excess of his maximum sentence and that his due process rights were violated when the defendants failed to properly investigate his contentions that his time served had not been properly calculated were barred by *Heck. Id.* at 165-66. The Third Circuit reasoned that were it to hold that the defendants did, in fact, incarcerate the plaintiff beyond the statutory maximum it "would necessarily be holding that the 'confinement or its duration' was invalid in violation of the favorable termination requirement announced in *Heck." Id.* at 165. The favorable-termination rule of *Heck* has also been applied to claims that the Board incorrectly determined a prisoner's release date. *See Glenn v. Pa. Bd. of Prob. & Parole,* 410 F.App'x 424, 426 (3d Cir. 2011).

In short, in order for the plaintiff to succeed on his claims in this case, he would necessarily have to establish

9

that he was entitled to the credit for the time periods that he alleges the defendants failed to credit toward his sentence. This claim is a matter that should in the first instance be the subject of the state appeals which we have previously informed Simpson are the legal prerequisite to filing a federal habeas corpus petition with this court. *See Simpson v. Pa. Bd. of Prob. & Parole,* 1:12-CV-01519 (M.D.Pa.)

The plaintiff has not alleged that he has been granted those credits through an administrative or habeas corpus proceeding, nor can he since the record in his companion habeas corpus case affirmatively reveals that this parole board decision has not been fully litigated or set aside. *See Simpson v. Pa. Bd. of Prob. & Parole,* 1:12-CV-01519 (M.D.Pa.). Since success on the plaintiff's claims in this civil damages action would necessarily demonstrate the invalidity of the duration of the plaintiff's confinement, at present his claims are barred by the favorable-termination rule of *Heck*, until such time, if any, as Simpson prevails in setting aside this parole board determination. Accordingly, the amended complaint currently fails to state a claim upon which relief may be granted.

**V. Recommendations**.

     Based on the foregoing, it is recommended that the amended complaint be dismissed without prejudice to Simpson renewing this claim at such time, if any, when Simpson's other litigation results in a favorable termination of these parole proceedings, and that the case file be closed.

                                          */s/ Martin C. Carlson*
                                          Martin C. Carlson
                                          United States Magistrate Judge

Dated: September 5, 2012.